**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **SKY TECHNOLOGIES, L.L.C.** | § | |
| | § | |
| **V.** | § | **No.  2:03CV454** |
| | § | |
| **IBM CORPORATION** | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the

Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, IBM's

Motion to Compel Pursuant to Rule 37(a)(Docket Entry # 59) was referred to the Honorable Caroline

M. Craven for the purposes of hearing and determining said motion.  The Court, having reviewed

the motion, the response, and the reply, is of the opinion Plaintiff's motion should be **GRANTED**

**IN PART** and **DENIED IN PART**.

## I.

## BACKGROUND

Sky Technologies, L.L.C. ("Plaintiff") initially filed this patent infringement suit against

International Business Machines Corporation ("Defendant").  The Complaint in this action was filed

on December 18, 2003.  A First Amended Complaint ("FAC") was filed on April 4, 2004, and it

joined i2 as a defendant.  The FAC asserts the following five causes of action against Defendant and

i2; (1) patent infringement; (2) misappropriation of trade secrets; (3) conversion; (4) unjust

enrichment; and (5) breach of contract.

## II.

## DEFENDANT'S MOTION

Defendant served its first set of interrogatory requests on Plaintiff on July 15, 2004, seeking

the factual bases for Plaintiff's claims.   Defendant asserts Plaintiff's responses were wholly inadequate.  According to Defendant, Plaintiff subsequently agreed to supplement its answers to all of the interrogatories except Interrogatory No. 1.  Defendant contends the amended responses did not cure the deficiencies, and Plaintiff's incomplete responses constitute a "failure to respond." Defendant seeks to compel supplemental responses to Interrogatory Nos. 1, 4, 8, 11, 12, and 13.

In its response, Plaintiff asserts the Court should deny Defendant's motion because Plaintiff has provided full and complete responses to Defendant's interrogatories in its 169-page response. According to Plaintiff, the 169-page response specifically references over 100 pages of documents. Plaintiff states it has provided "exhaustive and detailed answers with the best and more accurate information it currently has."[1]   In addition, Plaintiff asserts it has and will produce witnesses to testify at depositions about any of the issues that Defendant believes could be described in more detail.  Plaintiff further asserts it cannot be expected to answer the interrogatories in more detail than it already has provided without having the opportunity to conduct discovery concerning the accused products and Defendant's handling of its trade secrets.

In its reply, Defendant asserts its contention interrogatories (Interrogatory Nos. 1, 10, 11, and 12) are nor premature and are proper.   Defendant further contends Plaintiff's responses to Interrogatory Nos. 4 and 8 are inadequate.

## III.

## DISCUSSION

The Court is of the opinion Defendant's motion should be granted in part and denied in part as follows.  First, the Court disagrees with Defendant that Plaintiff's answers constitute a "failure

---

[1] Plaintiff's response at 2.

to respond." The Court does not find Plaintiff's substantive responses are deficient. No further underline substantive responses are required at this time. Defendant may use other methods of discovery to seek the specificity it feels is lacking in Plaintiff's responses. In addition, Plaintiff shall supplement its responses if further discovery reveals the responses need to be more detailed.

However, the Court will require Plaintiff, to the extent it has not already provided such a specification, to supplement its responses to the interrogatories, specifically identifying which documents produced pursuant to Federal Rule of Civil Procedure 33(d) contain the requested information. Under Rule 33(d), "when a response to an interrogatory may be derived from business records and when the burden of deriving the answer from the records is substantially the same for both sides, the production of these records sufficiently answers the interrogatory." *Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992); *see* FED. R. CIV. P. 33(d).[2] The rule further provides that the "specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained." FED. R. CIV. P. 33(d).

The Court is not convinced Plaintiff has specified the documents from which the answers to all of the disputed interrogatories may be ascertained. For example, in its answer to Interrogatory No. 4, Plaintiff states the documents it "is producing pursuant to Rule 33(d), Federal Rules of Civil Procedure, further reflect the foregoing." *Id.* "The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them." *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D.

---

[2] The Seventh Circuit cited FED. R. CIV. P. 33(c), the substance of which now appears in subsection (d).

Kan. 1997). Plaintiff may not simply refer Defendant to a mass of records but must "specifically identify which documents contain the requested *information* in its answer to the interrogatory. If the party cannot comply with these requirements, it must otherwise answer the interrogatory fully and completely." *Id.* (*citing R.W. Thomas Const. Mgmt. Co. v. Corrugated Servs., Inc.*, 1995 WL 592539 (E.D. Pa. 1995)).

Finally, Plaintiff has not shown that the burden of ascertaining the answer to the interrogatories is substantially the same for both parties. The court in *O'Connor, et al. v. Boeing North American, Inc., et al.*, 185 F.R.D. 272 (C.D. Cal. 1999), stated that without "detailed specification by category and location of responsive documents, the burden of deriving the answers to the interrogatories is not the same for the parties; rather, it would be easier for persons employed by the [answering party] to locate responsive documents." *Id.* at 278.

Even though Plaintiff sufficiently responded to the interrogatories, Plaintiff referenced Rule 33(d) in some, if not all, of its answers. Rule 33(d) requires more specificity than provided by Plaintiff. For the foregoing reasons, the Court orders Plaintiff to specify the documents produced pursuant to Rule 33(d) from which the answers to the interrogatories may be ascertained. To the extent it has not already done so, within thirty days from the date of entry of this Order, Plaintiff shall provide the supplementation to Defendant. Based on the foregoing, it is

**ORDERED** that IBM's Motion to Compel Pursuant to Rule 37(a)(Docket Entry # 59) is **GRANTED IN PART** and **DENIED IN PART** as specified in Section III.

**SIGNED this 1st day of April, 2005.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE