**In The United States District Court**
**For The Eastern District Of Texas**
**Marshall Division**

| | | |
|---|---|---|
| SKY TECHNOLOGIES LLC<br>Plaintiff, | §<br>§<br>§<br>§ | Civil Action No. 2:03cv454-Df |
| v. | §<br>§<br>§ | Judge David Folsom |
| IBM CORPORATION<br>Defendant. | §<br>§<br>§ | <u>Jury Trial Demanded</u> |

**SKY'S RESPONSE TO IBM'S MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS IDENTIFIED ON SKY'S PRIVILEGE LOG**

<u>Summary</u>

IBM's motion – which argues that Sky has "waived" the attorney-client privilege with respect to 716 documents listed on its privilege log – is an example of gross over-reaching. IBM has never requested that this Court examine a single document *in camera*, and only last month identified the specific entries to which it objected. In addition, IBM mis-cites case law in support of the patently erroneous proposition that a court can find a wholesale waiver of the privilege based on alleged "inadequacies" in a privilege log without looking at a single underlying document.

IBM also ignores well-settled law that permits clients to communicate background business information to their attorneys, and even discuss business matters with attorneys, as long as the communications are predominately related to obtaining legal advice. Based on this misunderstanding, IBM challenges a host of documents on the erroneous presumption that they relate to business, not legal, advice.

1

Many of IBM's challenges concern typos and other mistakes in the 5700 entries on Sky's privilege log. Sky has corrected these mistakes in an amended privilege log, which it has attached to this motion.

Factual Background

1.     Sky has attempted to cooperate with IBM's requests for additional information

The parties exchanged privilege logs on February 18, 2005. Never missing an opportunity to create needless paperwork for Sky, IBM made a series of generalized and non-specific objections to every entry on Sky's privilege log only a few days later. IBM accompanied its objections with the unreasonable demand that Sky supplement more than 5,000 entries within six days. IBM's Motion at 1. One of IBM's principal objections was that Sky's descriptions did not repeat the phrase "made for the purpose of seeking or receiving legal advice and services", or its equivalent, with respect to each entry.

Despite Sky's repeated inquiries about the nature of IBM's objections, IBM waited until May 11 to identify the specific privilege log entries or documents it was challenging. IBM identified a total of 716 documents. Sky requested additional time to re-review each of the 716 challenged documents, supplement its descriptions where appropriate, and produce any documents were either mistakenly listed on the privilege log or are not worth fighting over. Sky re-reviewed every challenged document and produced 21 documents to IBM on May 26, 2005.

Many of IBM's challenges concern typos and other mistakes in the 5700 entries on Sky's privilege log – such as an occasional entry that does not recite the phrase "for the purpose of seeking legal advice" or an entry that lists the attorney in the wrong column. Sky corrected these mistakes in its amended privilege log, which is attached as Exhibit A to this motion.

2

2.    <u>Sky listed virtually all of its attorney-client communications on its privilege log</u>

IBM mentions that Sky listed more than 5,700 documents on its privilege log, – less than three percent of the documents Sky produced to IBM – as though this is somehow evidence of impropriety. But as IBM is well aware, Sky produced virtually every scrap of documentation or correspondence – including tens of thousands of emails – in its files from 1998 to 2002. Sky sought legal advice on a multitude of subjects – including licensing, venture capital financing, investor relations, corporate governance, litigation, employment policies, non-disclosure agreements, and intellectual property issues – and this advice is memorialized in thousands of emails, draft documents, letters and notes.

Consistent with this Court's policy of broad discovery, Sky listed virtually all of its correspondence with any attorney on its privilege log – including correspondence that Sky believes is irrelevant to any issue in this lawsuit. This substantial undertaking took over 150 hours of attorney time, and hundreds of additional hours of paralegal and secretarial time.

3.    <u>IBM's motion is premature</u>

In a large commercial case, involving hundreds of thousands of documents, it is not unusual for the parties to expend substantial effort supplementing and clarifying the information in their privilege logs. It is also not usual for the parties to exchange multiple versions of their privilege logs, in an effort to minimize the number of discovery disputes that have to be presented to the court. Often, both parties request that the Court review the disputed documents *in camera.*

In this case, IBM has jumped the gun by arguing a wholesale "waiver" of the privilege with respect to the 716 documents it specifically challenged less than three weeks earlier. In

addition, IBM has never requested that the Court review <u>any</u> documents *in camera* – a step which is plainly necessary to determine whether any of IBM's challenges have merit.

Argument

1.      <u>IBM's "waiver" argument is utterly groundless</u>

IBM argues that it is entitled to the "draconian remedy of waiver" before it has even asked this Court to review a single challenged documents *in camera*.  *Woodland v. Nalco Chemical Co.*, 2003 WL 22928808, *4 (E.D.La. 2003).

The correct procedure is for this Court to conduct an *in camera* review of the challenged documents to determine their privileged status.  *Id.*; *Northfield Ins. Co. v. George E. Buisson Realty Co., Inc.*, 1999 WL 804076, *1 (E.D.La.,1999).

Indeed, *in camera* review is the proper procedure even in cases where the descriptions on the privilege log are not "sufficient" to show whether any privilege applies.  *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 474 (N.D.Tex.,2004) (court reviewed disputed documents *in camera* even though revised privilege log was not "sufficient" to make showing of privilege"); *Northfield Ins. Co. v. George E. Buisson Realty Co., Inc.*, 1999 WL 804076, *1 (E.D.La.,1999) (court reviewed disputed documents *in camera* even though privilege log was "insufficient. . . to determine if a privilege. . . applies"); see also *Freeport-McMoran Sulphur, LLC v. Mike Millen Energy Equipment*, 2004 WL 1299042, *2 (E.D.La.,2004); *Benbow v. Aspen Technology, Inc.*, 2003 WL 22038416, *6 (E.D.La.,2003).

IBM cites two cases in support of its erroneous argument that a Court can simply ignore the underlying documents and authorize waiver based on alleged inadequacies in a party's privilege log.  The first, *United States v. Construction Research Products, Inc.*, 73 F.3d 464 (1996) does not stand for the proposition that a court can order disclosure based on inadequacies

in a privilege log without inspecting the underlying documents.  Indeed, upon remand, the

government made the exact same argument IBM advances here and the district court squarely

rejected this misguided interpretation of the Second Circuit's opinion:

> This court reads the above quoted language to mean that the Second Circuit
> considered the information before it to be inadequate to allow it to make a
> determination on the privilege issue. The Court was not, however, ordering the
> alleged privileged documents to be disclosed. . . No judicial officer has ever
> inspected the documents *in camera* to determine if they are in fact protected by
> the attorney-client privilege. The court feels strongly that alleged privileged
> documents, particularly those alleged to be protected by the attorney-client
> privilege, should not be disclosed without being reviewed by a judicial officer.
> Without the benefit of an *in camera* review which specifically addresses the
> privilege claims asserted, the court is reluctant to order the disclosure of such
> documents.

*U.S. v. Construction Products Research, Inc.,* Not Reported in F.Supp., 1996 WL 684418, *1

(D.Conn.,1996).

Similarly, in *High Plains Corp. v. Summit Resource Management, Inc.,* 1997 WL 109659

(D.Kan.,1997),  the court never authorized a wholesale waiver of privilege claims.  Instead, the

court found that it was unable to determine from the privilege log whether the withheld

documents were privileged and left it to the parties to "work out an acceptable formula for

withholding opinion work product from the documents sought by [Defendant]."

IBM has demonstrated no basis – and cited no authority – for its contention that

inadequacies in a party's privilege log can simply "waive" the privilege.  This Court should

review the challenged documents *in* camera to determine whether the privilege applies.

2.     The descriptions in Sky's privilege log clearly establish a basis for the attorney-client
       privilege

Sky's amended privilege log (attached to this response) corrects and clarifies entries that

IBM lists in categories A, B and D.  For example, Sky corrected entries that mistakenly list Jeff

Conklin as a provider of legal advice and entries that did not appear to involve a request for legal advice from an attorney.

IBM's claim that some entries – specifically those it lists in category C – concern "non-legal matters" is completely meritless.   As an initial matter, communications made predominately for the purpose of obtaining legal advice are privileged even if they also discuss or seek advice concerning business subjects.  "[I]f a communication is made primarily for the purpose of soliciting legal advice, an incidental request for business advice does not vitiate the attorney-client privilege." *Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136, 147 (D.C.Del. 1977).

*In Robinson v. Texas Auto. Dealers Ass'n*, 214 F.R.D. 432, 446 (E.D.Tex., 2003), Judge Schell observed that "business issues are often inextricably intertwined" with legal issues. *Robinson v. Texas Auto. Dealers Ass'n*, 214 F.R.D. 432, 446 (E.D.Tex., 2003).   Given the difficulty of disentangling legal- from business-related communications, Judge Schell held that "in determining whether advice is predominately legal or business in nature, courts should resolve doubts in favor of the privilege." *Id.*

IBM erroneously contends that the subject matter of some communications show, without any *in camera* analysis of the underlying document, that the privilege does not apply.  IBM's argument assumes that an attorney's legal advice can cover only a narrow range of topics, and cannot pertain to subjects like employee stock agreements, dealings with investors, market development, and corporate vacation policies.  IBM's Motion at 8.  IBM's analysis of this issue fails both because an attorney can reasonably give legal advice on all these subjects, and because an examination of the underlying document is necessary to determine its privileged status.

## Conclusion

IBM's motion argues for a wholesale waiver of the privilege as to 716 documents without asking this Court to examine a single document. This Court should reject this erroneous proposition – which is wholly unsupported by the case law – and deny IBM's motion to compel.

Respectfully submitted,

Stephen D. Susman
State Bar No. 19521000
E-Mail: ssusman@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

Attorney-in-Charge for Sky Technologies LLC

OF COUNSEL:

Max L. Tribble, Jr.
State Bar No. 20213950
Brian D. Melton
State Bar No. 24010620
Steven J. Mitby
State Bar No. 24037123
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

George M. Schwab
April E. Abele
TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center 8th floor
San Francisco, CA  94111

Attorneys for Sky Technologies LLC

7

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record, this 20th day of June, 2005, as indicated below:

Damon Young                                    ***VIA E-MAIL***
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, Texas/Arkansas  75504

Donald J. Curry                                ***VIA E-MAIL***
Marc J. Pensabene
Peter D. Shapiro
Fitzpatrick Cella Harper & Scinto
30 Rockefeller Plaza
New York, New York  10112


_____
Steven Mitby