IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SKY TECHNOLOGIES, LLC<br>    Plaintiff,<br>vs.<br><br>IBM CORPORATION and i2 INC.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:03CV454 |

## ORDER

On November 22, 2005 the court conducted a telephone conference to resolve two of defendant, IBM's, motions to compel (Doc. 138 and 139). Defendant, IBM initiated the telephone conference, and was represented by Marc J. Pensabene and John Pickett. Representing plaintiff, Sky, were Brian Melton and Steve Slather. No record of the hearing will be available due to technical difficulties with the court's recording equipment.

Both of IBM's motions attack the efficacy of Sky's assertion of the attorney client privilege. In its motion to compel (Doc. 138), IBM argues that Sky waived the attorney client privilege over documents communicated to third parties, and waived privilege by allowing its attorney Maureen Stretch ("Stretch") to testify about the substance of legal advice contained in two documents. In the related motion to compel (Doc. 139), IBM argues that Sky failed to assert the attorney client privilege by including deficient entries in its privilege log, and the documents associated with the deficient entries should be produced. After due consideration, IBM's motion to compel (Doc. 138) is GRANTED in part and DENIED in part, and IBM's motion to compel (Doc. 139) is DENIED.

Analysis

"A corporate client has a privilege to refuse to disclose, and prevent its attorneys from

disclosing, confidential communications between its representatives and its attorneys when the communications were made to obtain legal services." *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999); *see also Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). "[A] voluntary disclosure of information that is inconsistent with the confidential nature of the attorney-client relationship waives the privilege." *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993). "Disclosure of any significant portion of a confidential communication waives the privilege as to the whole." *Nguyen*, 197 F.3d at 207 (5th Cir. 1999).

     IBM argues that Sky waived its privilege by exposing otherwise confidential information to twenty-one third parties listed in its motion. Sky counters that these individuals are not third parties for purposes of obtaining legal advice, rather, these individuals are business and patent consultants who played integral roles in Sky's operations as a new company. The court agrees with much of IBM's characterization of these third party consultants, and finds that Sky waived the attorney client privilege by voluntarily disclosing information to individuals in a manner inconsistent with the with the confidential nature of the attorney-client relationship. Therefore, Sky is ORDERED to produce all documents, subject to objection before admission at trial, communicated to all twenty one individuals identified in IBM's motion to compel (Doc. 138), namely: (1) Ashtiana Sundeer of Spirited Communications, (2) Robert Lopes of ThinkFire, (3) R. Cassey of Anderson Consulting, (4) P. Schmidt of Anderson Consulting, (5) B. Nichols of Launch Co., (6) M. Allard of Launch Co., (7) S. Parker of Launch Co., (8) P. Roeser of Devereux Group, (9) K Hopkins of Cross Atlantic Captial Partners, (10) E. Kahn of EKMS, (11) V. Sperduto of Wit Soundview, (12) Geroge Powlick of Doughty Hanson, (13) Vicki St. John of Andersen Consulting, (14) John Sayah of IBM, (15) Russell Hoag of Hewlett Packard, (16) Jesse Abzug of IBM, (17) Barry Borden of LMA Group, (18)

Michael Zigman of Wit SoundView, (19) William Gilroy of Wit SoundView, (20) James Walker of 3i, and (21) Dan McCurdy of ThinkFire.

The documents communicated to these twenty-one third parties contained privileged information concerning the construction, infringement, scope, valuation, and prosecution of the patent in suit. IBM contends that by waiving the privilege as to these documents, Sky has also waived the attorney client privilege over all documents dealing with patent related matters. Sky advocates a narrower construction of the waiver whose scope does not include all documents on the same subject matter, and the court is inclined to confine its order to the particular documents whose confidentiality was compromised. Accordingly, IBM's motion to compel all documents dealing with patent related matters based on Sky's waiver of the privilege over documents dealing with patent related matters is DENIED. However, the court will consider further argument concerning the scope of Sky's waiver of the attorney client privilege.

IBM also argues that the attorney client privilege does not protect a collection of business emails that Sky compiled and emailed to its attorney, Ms. Stretch. Although the attorney client privilege may protect business information communicated to attorneys for the purpose of keeping those attorneys apprised of clients' business developments, those communications must be confidential to deserve protection under the attorney client privilege. The collection of emails between Sky representatives, clients, and third parties, subsequently gathered together and forwarded to Ms. Stretch does not deserve the stamp of confidentiality, and falls outside of the attorney client privilege as a result. Therefore, Sky is ORDERED to produce, subject to objection prior to admission at trial, the document included with IBM's motion to compel as Exhibit F, and alternatively referred to as SKY 107363-391.

Next, IBM argues that Ms. Stretch communicated the substance of legal advice transmitted to Sky in two documents during her deposition, and that the two documents are no longer protected by the attorney client privilege by reason of her testimony. Sky argues that the privilege is still intact because Ms. Stretch did not discuss the substance of the advice. "Inquiry into the general nature of the legal services provided by counsel does not necessitate an assertion of the privilege because the general nature of services is not protected by the privilege. Further inquiry into the substance of the client's and attorney's discussions does implicate the privilege and an assertion is required to preserve the privilege." *Nguyen*, 197 F.3d at 206 (5th Cir. 1999). Sky waived the privilege by allowing Ms. Stretch to discuss her legal conclusions and their bases without objection during her deposition. Therefore, Sky is ORDERED to produce the document attached to IBM's motion to compel as Exhibit O, and alternatively referred to as SKY 101183-85, subject to objection prior to admission at trial.

In its related motion to compel (Doc. 139), IBM argues that Sky should be compelled to produce documents whose privilege log entries fail to establish every element of the attorney client privilege. Sky is asserting the attorney client privilege, IBM contends, and bears the burden of establishing all elements of the privilege. However, the relatively benign deficiencies contained in Sky's privilege log do not justify production of the underlying documents. Therefore, IBM's motion to compel (Doc. 139) is DENIED.

**SIGNED** this **28** day of **November, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE